**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMIE PETER SWART,<br><br>    Plaintiff,<br><br>    v.<br><br>LYLE FOREHAND, *et al.,*<br><br>    Defendants. | Case No. 5:22-cv-01544-DSF (AFM)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

    On September 1, 2022, plaintiff, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is presently being held at the John Benoit Detention Center in Indio, California ("Detention Center"). Plaintiff also filed a Request to Proceed Without Prepayment of Filing Fees, which subsequently was granted. (ECF Nos. 2, 4, 6.) In the caption of the Complaint, plaintiff named as defendants "Dr. Lyle Forehand" and "Riverside Sheriff's Office." (ECF No. 1 at 1.) In the body of the pleading, plaintiff named as defendants "Lyle Forehand, Staff Psychiatrist for Riverside County," and an "RSO employee" in the position of "intake release." Both of these defendants were named in their official as well as individual capacities. (*Id.* at 3.) Plaintiff listed three incident dates of September 9, 2021, March 11, 2022, and April 15, 2022. (*Id.*) Plaintiff appeared to

raise only one claim, and he alleged that he had "been released on 4 separate ocassions [sic] without [his] mental health meds." (*Id.* at 6.) Plaintiff sought monetary damages and "to be given the medication prescribed to [him] in property [sic] on release." (*Id.* at 5.)

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court screened the Complaint prior to ordering service to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A, 1915(e)(2); 42 U.S.C. § 1997e(c)(1). Following careful review of the Complaint, the Court found that plaintiff's pleading failed to comply with Rule 8 because it did not include a short and plain statement of each claim sufficient to give any defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. (ECF No. 7; "Court's First Order.") Further, the factual allegations appeared insufficient to state a federal civil rights claim on which relief may be granted against any defendant. Accordingly, the Complaint was dismissed with leave to amend to correct the deficiencies as discussed in the Court's First Order. *See, e.g., Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted). Plaintiff was ordered, if he wished to pursue this action, to file a First Amended Complaint remedying the deficiencies discussed in the Court's First Order. (ECF No. 7.)

On October 17, 2022, plaintiff filed a First Amended Complaint (ECF No. 10; "FAC"), the caption of which named the only defendant as "Dr. Lyle Forehand riverside Sheriff [sic] Office." (*Id.* at 1 (capitalization in original).) In the body of the pleading, plaintiff also lists one defendant, Dr. Lyle Forehand, now identified as "Staff psychiatrist for riverside county." (*Id.* at 3 (capitalization in original).) Plaintiff's FAC lists March 11, 2022, as the only incident date. (*Id.*) Within the body

of the FAC, plaintiff raises one claim for cruel and unusual punishment arising from the failure of Dr. Forehand to "order post-release medication." (*Id.* at 5.) Plaintiff seeks an "injunction to provide supply of medication in release property [sic]." Plaintiff does not appear to seek damages. (*Id.* at 6.) Plaintiff signed and dated the FAC on October 14, 2022. (*Id.*) Attached to the pleading (but not referenced therein) are three pages that begin with a page with a caption indicating that it is the "First Amended Complaint" in this case. In the caption, plaintiff appears to name as defendants "Dr. Lyle Forehand, *et al.*" (*Id.* at 7.) Plaintiff signed and dated the second page of the attachments on October 9, 2022, and he appears to also seek monetary damages on this signature page. (*Id.* at 8.) Further, it is not clear whether plaintiff is purporting to raise a separate claim in his attachments because he references two dates in those page – March 11, 2022, and April 15, 2022. (*Id.* at 7.) The attachments do not clearly allege any specific claim against any defendant.

Pursuant to the PLRA the Court has screened FAC (including the attachments) before ordering service to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. The Court's screening of the pleading is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. *See, e.g., Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017); *see also Rosati*, 791 F.3d at 1039 (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of fact must be taken as true and construed in the light most favorable to plaintiff. *See, e.g., Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a court first "discount[s] conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me accusation." *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and citations omitted).

Because plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). Nevertheless, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

///
///

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) *a short and plain statement of the claim* showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be "wholly without merit." *See McHenry*, 84 F.3d at 1179.

Following careful review of the FAC, the Court finds that plaintiff's pleading once again does not comply with Rule 8 because it fails to include a short and plain statement of each claim that is sufficient to give any defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Further, the factual allegations appear insufficient to state a federal civil rights claim on which relief may

be granted against any defendant. Accordingly, the FAC is dismissed with leave to amend to correct the deficiencies as discussed in this Order, the Court's Second Order. *See, e.g., Rosati*, 791 F.3d at 1039.

**If plaintiff desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than thirty (30) days after the date of the Court's Second Order, remedying the deficiencies discussed herein.** Plaintiff is admonished that, if he fails to timely file a Second Amended Complaint or fails to remedy the deficiencies of his pleading, the Court will recommend that this action be dismissed without further leave to amend.[1]

## A. RULE 8

Plaintiff's pleading violates Rule 8 in that it fails to allege a minimum factual and legal basis for any claim that is sufficient to give defendants fair notice of what claims are raised against each defendant and which factual allegations in the pleading give rise to any claim.

Initially, irrespective of his *pro se* status, plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California ("L.R."). *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 1-3; L.R. 83-2.2.3 ("Any person appearing *pro se* is required to comply with these Local Rules and with" the Federal Rules.). Plaintiff should file only one title page for an amended pleading. Further, pursuant to Fed. R.

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the First Amended Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Second Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Civ. P. 10(a), the caption of the pleading must include all defendants listed elsewhere in the pleading. *See also* Local Rule 11-3.8(d). Plaintiff's FAC additionally violates, *inter alia*, L.R. 11-3.3 and L.R. 11-5.2, which require that all pages of a pleading be numbered consecutively.

In this action, plaintiff may be raising only one claim, although it is unclear whether the allegations that appear to be set forth in the attachment to the FAC are intended to be part of that claim, or if plaintiff is purporting to raise a separate, but unspecified claim, in his attached "First Amended Complaint." (*See* ECF No. 10 at 7-8.) Further, in the body of the pleading, plaintiff lists only one incident date, March 11, 2022. (*Id.* at 3.) In the attachment, however, plaintiff lists two incident dates, March 11, 2022, and April 15, 2022. (*Id.* at 7.) Further, in the body of his pleading, plaintiff only seeks injunctive relief (*id.* at 6), but in the attached pages plaintiff appears to also seek monetary damages from unspecified defendants. Accordingly, the Court finds that plaintiff's pleading violates Rule 8 because it fails to set forth "*a short and plain statement*" of each claim showing that plaintiff is entitled to relief from any defendant, and it fails to specify the relief sought.

In the pages attached to his FAC, plaintiff alleges that he was "released without medication." (*Id.* at 7.) Plaintiff alleges both that Dr. Forehand "failed to order" post-release medication, and that the "Riverside Countys [sic] policy on Federal Releases is the cause behind not receiving medication." (*Id.* at 7-8.) It appears that plaintiff is alleging either that a "County Sheriff's Office policy" or a "Federal" policy prevented doctors at the Detention Center from "prescibing [sic] medication due to the sudden release from custody." (*Id.* at 5.) Accordingly, it is entirely unclear to the Court if plaintiff is purporting to allege that the sole defendant named in this action acted in accordance with a policy set either by the Riverside County Sheriff's Office or by an unspecified "federal" official or agency when plaintiff was released from custody without an unspecified prescribed medication. Additionally, in the attachments to the FAC, plaintiff alleges that Dr. Forehand "failed to order the 30-

day supply of post-release psych [sic] medication," which appears to indicate that Dr. Forehand failed to follow some policy or required procedure. (*Id.* at 7.) Plaintiff also alleges that he had had "multiple interactions" with a "prescibing Dr [sic]" (*id.*) while in custody, but plaintiff sets forth no facts regarding any such interaction, the dates on which these interactions allegedly took place, or showing that Dr. Forehand was the doctor providing treatment to plaintiff.

To state a federal civil rights claim against a specific defendant, a pleading must set forth facts alleging that such defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the United States Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)) (emphasis and alteration in original). Here, plaintiff's only specific factual allegations against Dr. Forehand are that he "failed to order post-release medication due to federal release Riverside County Sheriff's Office policy on releasing inmates" (ECF No. 10 at 5), and that Dr. Forehand "failed to order the 30 day supply of post-release psych medication" (*id.* at 7). Although plaintiff alleges that Dr. Forehand was a "prescribing Dr. [sic] who [plaintiff] had multiple interactions with," plaintiff supports these conclusory allegations with no specific facts. (*Id.*) Plaintiff also alleges that a government has an "affirmative duty to provide reasonable medical care" and that he "made reasonable requests for treatment" (*id.*), but plaintiff does not allege that Dr. Forehand failed to provide reasonable medical care at any time or failed to respond to a specific request that plaintiff made for medical treatment. The Court discounts plaintiff's "conclusory statements" that are unsupported by specific factual allegations while "determining whether a claim is plausible." *Salameh*, 726 F.3d at

1129. Similarly, the Court does not accept as true plaintiff's unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Keates*, 883 F.3d at 1243.

Plaintiff's FAC does not set forth specific factual allegations sufficient to raise a plausible inference that the actions taken, or the failure to take action, by Dr. Forehand *caused* plaintiff to be released without necessary medication. In addition, the FAC does not include simple and concise factual allegations showing that any specific official at the Detention Center failed to provide constitutionally adequate medical care to plaintiff at any particular time. Plaintiff's FAC altogether fails to allege that any specific official at the Detention Center took a specific affirmative act, participated in another's affirmative act, or failed to perform an act that he or she was legally required to do that *caused* plaintiff to suffer a particular constitutional deprivation at a specific time. Finally, it is unclear to the Court what official at the Detention Center plaintiff is purporting to allege any claim against. The Court finds that plaintiff's pleading once again violates Rule 8 because it fails to give Dr. Forehand fair notice of the factual or legal basis for any claim that plaintiff is purporting to raise against the defendant.

Moreover, it is not clear to the Court what plaintiff's status was at the time of any alleged incident. Plaintiff's FAC alleges that the violations occurred while plaintiff was being held at the Detention Center (ECF No. 10 at 2) and that he was "released" "from a parole violation" (*id.* at 8), but in one of the attachments to his FAC, plaintiff states that he "put [himself] in the county's care for mental health" (*id.* at 9). Further, in the factual allegations formerly set forth in plaintiff's now-dismissed Complaint, plaintiff alleged that he "was a state prisoner on parole violation [sic] on all dates." (ECF No. 1 at 6.) Accordingly, it appears that plaintiff may have been a prisoner for purposes of the PLRA at the relevant tine(s). *See, e.g., Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000); *Flores v. Cnty. of Fresno*, 2020 U.S. Dist. Lexis 133750, at *9, n.3, 2020 WL 4339825 (E.D. Cal. July 28, 2020) (noting that individuals incarcerated in a county jail for a parole violation must raise

claims alleging inadequate medical care under the Eighth Amendment); *Jensen v. Cnty. of Los Angeles*, 2017 U.S. Dist. Lexis 232123, at *18, 2017 WL 10574058, at *7 (C.D. Cal. Jan. 6, 2017) ("Claims by those who have been incarcerated for parole violations arise under the Eighth Amendment."). If plaintiff was a prisoner at the time that the alleged incident or incidents occurred, it does not appear that plaintiff's facts give rise to *any* claim under the Due Process Clause of the Fourteenth Amendment.

Plaintiff names Dr. Forehand as the sole defendant. In his pleading, plaintiff alleges that this defendant was a "staff psychiatrist" for Riverside County. (ECF No. 10 at 3, 8.) To the extent that plaintiff is intending to hold Dr. Forehand liable as a supervisor for Riverside County, supervisory personnel are not liable under § 1983 on a theory of *respondeat superior*. *See, e.g., Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*"); *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011). Plaintiff's FAC does not allege any facts showing that Dr. Forehand set "in motion a series of acts by others," or "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr*, 652 F.3d at 1207-08.

Further, it appears to the Court that plaintiff may be alleging that unspecified employees failed to follow Detention Center regulations or policies when plaintiff was released without necessary medication. To the extent that plaintiff is purporting to raise a federal civil rights claim against any defendant for violating state law or Detention Center policies, allegations that a defendant failed to comply with internal agency regulations or state law cannot give rise to a federal civil rights claim. *See, e.g., Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [a plaintiff] to demonstrate a violation of federal law, not state law."); *see*

*also Cousins v. Lockyer*, 568 F.3d 1063, 1070-71 (9th Cir. 2009).

Following review of the FAC, it is unclear to the Court what or how many federal civil rights claims plaintiff intends to allege in this action. As currently pled, the factual allegations in plaintiff's pleading fail to allege that a named defendant took an affirmative act, participated in another's affirmative act, or failed to take an action that he or she was legally required to do that *caused* plaintiff to suffer a specific constitutional deprivation when plaintiff was released from the Detention Center at a particular time. To state a claim against an individual defendant, plaintiff must allege sufficient factual allegations *against that defendant* to nudge each claim plaintiff wishes to raise "across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570; *see also McHenry*, 84 F.3d at 1177 (Rule 8 requires at a minimum that a pleading allow each defendant to discern what he or she is being sued for).

Accordingly, the Court finds that plaintiff once again has failed to meet his pleading burden of alleging that a named defendant deprived him of a right guaranteed under the United States Constitution or a federal statute. The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). In addition, the Supreme Court has held that, while a plaintiff need not plead the exact legal basis for a claim, plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform each defendant of the factual grounds for each claim. *Johnson*, 574 U.S. at 12. In the FAC, plaintiff fails to do so. As currently pled, it is not clear what action at what time by what official at the Detention Center caused plaintiff to suffer an identified constitutional deprivation. Plaintiff's FAC fails to set forth any factual allegations supporting a plausible claim against a named defendant. *See, e.g., Iqbal*, 556 U.S. at 678-79. Therefore, plaintiff's pleading violates Rule 8 because it fails to set forth a minimal factual and legal basis for any

claim sufficient to give any defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.

If plaintiff wishes to state a federal civil rights claim against a particular official or employee of the Detention Center, plaintiff should set forth in a Second Amended Complaint a separate, short, and plain statement of the actions that *each* such defendant is alleged to have taken, or failed to have taken, at a particular time that caused a specific violation of a right guaranteed under the federal Constitution. *See, e.g., Johnson*, 574 U.S. at 12.

## B. EIGHTH AMENDMENT CLAIMS

To the extent that plaintiff wishes to allege a claim or claims for constitutionally inadequate medical care under the Eighth Amendment, a prisoner must show that a specific defendant was deliberately indifferent to his serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "This includes both an objective standard -- that the deprivation was serious enough to constitute cruel and unusual punishment -- and a subjective standard -- deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

First, to meet the objective element of a deliberate indifference claim, a prisoner "must demonstrate the existence of a serious medical need." *Colwell*, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (internal quotation marks omitted). In his FAC, plaintiff only alleges that he suffers from "mental health problems," and that he "need[s] [his] medication" (ECF No. 10 at 5, 7), but he does not allege any supporting facts raising a plausible inference that he was suffering from a serious medical need at the relevant time or times. Accordingly, plaintiff's FAC fails to allege sufficient facts to allow the Court to draw a reasonable inference that plaintiff was suffering from a serious medical need at any relevant time.

Second, to meet the subjective element of a deliberate indifference claim, "a prisoner must demonstrate that the prison official acted with deliberate indifference." *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotation marks omitted). Deliberate indifference may be manifest by the intentional denial, delay, or interference with a prisoner's medical care. *See Estelle*, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *see also Colwell*, 763 F.3d at 1066 (a "prison official is deliberately indifferent . . . only if the official knows of and disregards an excessive risk to inmate health and safety" (internal quotation marks omitted)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Here, it appears that plaintiff is purporting alleging a claim or claims pursuant to the Eighth Amendment's Cruel and Unusual Punishment Clause for constitutionally inadequate medical care. (ECF No. 10 at 5, 7.) Plaintiff's FAC, however, fails to set forth any factual allegations showing that any named defendant was aware that he suffered from a particular serious mental health need when he was released without necessary medication. Further, plaintiff's few factual allegations are insufficient to raise a plausible inference that any named defendant was aware of sufficient facts from which an inference could be drawn that plaintiff was exposed to a substantial risk of serious harm arising from the lack of unspecified medication at the time of his release, that any named defendant drew such an inference, or that any

named defendant acted deliberately to disregard plaintiff's need for medical treatment for a serious mental health issue at any relevant time.

A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient to state a claim against any defendant or to comply with Rule 8. *Iqbal*, 556 U.S. at 678 (alteration in original, internal quotation marks omitted).

## C. CLAIMS PURSUANT TO *MONELL*

Plaintiff names Dr. Forehand, who appears to be employed by the County of Riverside, in his official as well as individual capacity. (*See* ECF No. 10 at 3.) As the Court has previously admonished plaintiff, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id.* at 166 (emphasis omitted). Accordingly, any claim that plaintiff is purporting to raise against any employee of the County of Riverside in his or her official capacity is the same as a claim against the County of Riverside.

In *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), the Supreme Court held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694; *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("under § 1983, local governments are responsible only for their *own* illegal acts" (emphasis in original, internal quotation marks omitted)). To state a claim arising from the execution of a local entity's policy or custom, a plaintiff must set forth factual allegations to show that the execution of a specific policy, regulation, custom or the like was the "actionable cause" of any alleged constitutional violation. *See, e.g., Tsao v. Desert Palace, Inc.*,

698 F.3d 1128, 1146 (9th Cir. 2012) ("a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but-for and proximate causation"). Additionally, a *Monell* claim may not be premised on an isolated or sporadic incident. *See, e.g., Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014) (a plaintiff does not establish liability under *Monell* without showing that "a single incident of unconstitutional actively" was more than an "isolated or sporadic" incident); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

To the extent plaintiff is purporting to raise any claims against the County of Riverside, plaintiff's factual allegations appear to arise from one or possibly two incidents when he appears to have been released from detention without necessary "post-release medication." (ECF No. 10 at 5, 7.) It is unclear whether plaintiff is alleging that these isolated incidents were caused by the execution of a specific policy, regulation, or custom of the County of Riverside. Regardless, two similar incidents of plaintiff's release (by unspecified employees who are not named) without a required medication are entirely insufficient to raise a reasonable inference that specific unconstitutional actions by employees of the County of Riverside were of sufficiently long duration or occurred frequently enough to be considered a "traditional method of carrying out policy" by the County of Riverside. *See, e.g., Trevino*, 99 F.3d at 918.

Accordingly, it appears that plaintiff is alleging the type of random or isolated incidents that simply cannot give rise to liability against the County of Riverside pursuant to *Monell*. Therefore, plaintiff's factual allegations in the FAC are insufficient to raise a plausible inference that the County of Riverside is liable for any alleged constitutional violation. *See, e.g., Iqbal*, 556 U.S. at 678.

************

**If plaintiff still desires to pursue this action, then he is ORDERED to file a Second Amended Complaint no later than thirty (30) days after the date of this Order**, **remedying the pleading deficiencies discussed above.** The Second Amended Complaint should bear the docket number assigned in this case; have only one title page with one caption, be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original Complaint, the First Amended Complaint, or any other pleading or document.

Plaintiff is admonished that, irrespective of his *pro se* status, if plaintiff wishes to proceed with this action, then he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g.,* L.R. 1-3; L.R. 83-2.2.3.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Second Amended Complaint. Further, if plaintiff feels that any document is integral to any of his claims, then he should attach such document as an exhibit at the end of the Second Amended Complaint and clearly allege the relevance of each attached document to the applicable claim raised in the Second Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, then he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a Second Amended Complaint, or if he fails to remedy the deficiencies of this pleading as discussed herein, then the Court will recommend that the action be dismissed**

**on the grounds set forth above and for failure to diligently prosecute.**

      **IT IS SO ORDERED**.

DATED: 11/28/2022

                                                                                  ALEXANDER F. MacKINNON
                                                        UNITED STATES MAGISTRATE JUDGE