**FULL NAME:** Jamie Peter Swart

**COMMITTED NAME (if different):**

**FULL ADDRESS INCLUDING NAME OF INSTITUTION:** John Benoit Detention Center P.O 1748 Indio, ca 92202

**PRISON NUMBER (if applicable):** ~~2022~~25641

2nd ~~3rd~~ Ammended complaint

FILED
CLERK, U.S. DISTRICT COURT
JAN 30 2023
CENTRAL DISTRICT OF CA
BY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Jamie Peter Swart

PLAINTIFF,

v.

Dr lyle Forehand

DEFENDANT(S).

**CASE NUMBER:** EDCV 22 1544 DSF (AFM)
*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
■ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  ■ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:
   Plaintiff _____

   _____

   Defendants _____

   _____

b. Court _____

   _____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____

f. Issues raised: _____

   _____

   _____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed? ☒ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff **Jamie Peter Swart**
(print plaintiff's name)
who presently resides at **John Benoit Detention Center**,
(mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
**John Benoit Detention Center   Indio, California**
(institution/city where violation occurred)

on (date or dates) **3-11-2022** , _____, _____.
                         (Claim I)                 (Claim II)           (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant **Dr lyle forehand** _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   **Staff psychatrist**
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ■ individual  ■ official capacity.

   Explain how this defendant was acting under color of law:
   **Staff psychatrist employed by Riverside county Sheriffs**

2. Defendant _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____
   _____

3. Defendant _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____
   _____

1  Jamie Peter Swart                    2nd ~~3rd~~ Ammended
   John Benoit Detention center         complaint
   P.O 1748 Indio, ca 92202
   BK# 202225641                        EDCV 22 1544 DSF (AFM)

Jamie Peter Swart
      v
Dr lyle Forehand

Plaintiff suffers from severe P.T.S.D and Schizophrenia Having been diagnosed with those conditions by psychatrists employed by the sheriffs dept of the county of Riverside in 2016. In 2016 the Riverside County Superior Court recognized plaintiffs severe psychiatric condition and enrolled me in the countys Mental Health Program. Plaintiff was released from custody in 2016 and enrolled in the countys MHP. As a court orderd participant in the Riverside County MHP, Plaintiff was required to attend group therapy and take his prescribed medication of zyprexa, paxil, remrom. To ensure medication was taken the psychiatrist employed by the county issued a prescription for a 30 day Supply of psychiatric medications post release. Those medications were physically given to plaintiff upon release. The warnings that must be provided on all these medications provide that abrubtly stopping the medication will cause symptoms to be exponentially worse

2. In 2017 Plaintiff was sentenced on a new case and went to state prison. In 2020 Plaintiff was released from CDCR custody in compliance with state law CDCR provided plaintiff with a 30 day supply of the necessary psychiatric medication. In late February 2022 Plaintiff was arrested on a parole violation and incarcerated in the Indio Facility known as the John Benoit detention center Plaintiff was interviewed by Dr Lyle Forehand a psychiatrist employed by the Riverside County Sheriffs Dept. Dr Forehand had possession of my 2016 county medical records and made the prescription as in 2016. At the time of my arrest in 2022 Plaintiff was still a California state prisoner the arrest being for a parole violation. Dr Forehand was fully aware of plaintiffs severe ptsd also fully aware that the abrupt cessation of psychiatric medications would cause plaintiffs condition to exponentially worsen This danger is expecially acute for Zyprexa a powerfull anti-psychotic medication also true for paxil and remron. Dr Forehand in Deliberate indifference to plaintiffs serious and documented medical condition, failed to prescribe a 30 day post release prescription for the medication Dr Forehand knew plaintiff required to address my documented serious medical condition. On march 11, 2022 plaintiff was released from county custody on his parole violation. Plaintiff was not provided with a 30-day supply of psychiatric medication upon his release

3. in violation of State law wich requires that State prisoners be provided with a 30-day supply of all medications upon his release. It was Dr Forehand's duty, as plaintiff's treating psychiatrist to provide a prescription for such 30 day supply. Dr Forehand Failed, due to his deliberate indifference prescribe the 30-day post release medications.

As a result of Dr Forehand's failure to provide the medication He knew plaintiff required plaintiff had a psychotic breakdown as a direct result of Dr. Forehand's failure to provide for a continued post release prescription for Zyprexa, the anti psychotic medication plaintiff requires. plaintiff sufferd from psychotic delusions including the delusion that my girlfriend was trying to kill him and people were chasing me. Believing I was being chased plaintiff acquired a vehicle that turned out to be stolen. On april 4th 2022 plaintiff was arrested for being in possession of a stolen vehicle. plaintiff's psychotic breakdown was a direct result of Dr Forehand deliberate indifference to plaintiff's severe medical condition of wich dr Forehand was fully aware. As a further direct and proximate result of Dr Forehand's deliberate indifference plaintiff sufferd, and continues to suffer great and irreparable injury including loss of freedom and financial loss Plaintiff seeks a Judgment from this court declaring that Dr Forehand's failure to prescribe the necessary psychiatric medication including the anti-psychotic Zyprexa constituted deliberate indifference and awarding plaintiff monetary damages in an amount according to proof.    Jan 26-2023