1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE PETER SWART,<br><br>              Plaintiff,<br><br>      v.<br><br>LYLE FOREHAND,<br><br>              Defendant. | Case No. 5:22-cv-01544-DSF (AFM)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

On September 1, 2022, plaintiff, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff is presently being held at the John Benoit Detention Center in Indio, California ("Detention Center").  Plaintiff also filed a Request to Proceed Without Prepayment of Filing Fees, which was granted.  (ECF Nos. 2, 4, 6.)

In the caption of the Complaint, plaintiff named as defendants "Dr. Lyle Forehand" and "Riverside Sheriff's Office."  (ECF No. 1 at 1.)  In the body of the pleading, plaintiff named as defendants "Lyle Forehand, Staff Psychiatrist for Riverside County," and an "RSO employee" in the position of "intake release."  Both defendants were named in their official as well as individual capacities.  (*Id.* at 3.)

Plaintiff listed three incident dates of September 9, 2021, March 11, 2022, and April 15, 2022.  (*Id.*)  Plaintiff appeared to raise only one claim, but he alleged that he had "been released on 4 separate ocassions [sic] without [his] mental health meds."  (*Id.* at 6.)  Plaintiff sought monetary damages and "to be given the medication prescribed to [him] in property [sic] on release."  (*Id.* at 5.)

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court screened the Complaint prior to ordering service to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A, 1915(e)(2); 42 U.S.C. § 1997e(c)(1).  Following careful review of the Complaint, the Court concluded that the Complaint failed to comply with Rule 8 because it did not include a short and plain statement of each claim sufficient to give any defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  (ECF No. 7; "Court's First Order.")  Further, the factual allegations appeared insufficient to state a federal civil rights claim on which relief may be granted against any defendant.  Accordingly, the Complaint was dismissed with leave to amend to correct the deficiencies as discussed in the Court's First Order.  *See, e.g., Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).  Plaintiff was ordered, if he wished to pursue this action, to file a First Amended Complaint remedying the deficiencies discussed in the Court's First Order.  (ECF No. 7.)

On October 17, 2022, plaintiff filed a First Amended Complaint (ECF No. 10; "FAC"), the caption of which named the only defendant as "Dr. Lyle Forehand riverside Sheriff [sic] Office."  (*Id.* at 1 (capitalization as in original).)  In the body of the pleading, plaintiff also listed one defendant, Dr. Lyle Forehand, identified there

as "Staff psychiatrist for riverside county." (*Id.* at 3 (capitalization as in original).) Plaintiff's FAC listed March 11, 2022, as the only incident date. (*Id.*) Within the body of the FAC, plaintiff raised one claim for cruel and unusual punishment arising from the failure of Dr. Forehand to "order post release medication." (*Id.* at 5.) Plaintiff sought an "injunction to provide supply of medication in release property [sic]." Plaintiff did not appear to seek damages. (*Id.* at 6.) Plaintiff signed and dated the FAC on October 14, 2022. (*Id.*) Attached to the pleading (but not referenced therein) was a three-page attachment that began with a page with a caption indicating that it was the "First Amended Complaint" in this action. In the caption, plaintiff appeared to name as defendants "Dr. Lyle Forehand, *et al.*". (*Id.* at 7.) Plaintiff appeared to seek monetary damages in his attachment. (*Id.* at 8.) However, it was not clear if the attachment was purporting to raise a separate claim because plaintiff referenced two dates therein -- March 11, 2022, and April 15, 2022. (*Id.* at 7.)

Once again, pursuant to the PLRA the Court screened the pleading (including the attachment) prior to ordering service to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. Following careful review of the FAC, the Court found that plaintiff's pleading failed to comply with Rule 8 because it did not include a short and plain statement of plaintiff's claims sufficient to give defendant(s) fair notice of what plaintiff's claims are and the grounds upon which they rest. (ECF No. 13; "Court's Second Order.") Further, the factual allegations appeared insufficient to state a federal civil rights claim on which relief may be granted against any defendant. Accordingly, the FAC was dismissed with leave to amend to correct the deficiencies as discussed in the Court's Second Order.

On January 30, 2023, plaintiff filed a Second Amended Complaint (ECF No. 15; "SAC"), the caption of which names the only defendant as "Dr. Lyle Forehand." (*Id.* at 1.) In the body of the pleading, plaintiff also lists one defendant, Dr. Lyle Forehand, who is identified as a "staff psychiatrist employed by Riverside County

Sheriffs [sic]." (*Id.* at 3.)  Dr. Forehand is named in his official as well as individual capacity.   Plaintiff's SAC lists March 11, 2022, as the only incident date.   (*Id.*) Within the SAC, plaintiff does not clearly raise any claim.   Attached after the third page of the SAC is a page with a partial caption for this action with a title of "2nd Ammended [sic] complaint" and a number "1" in the top left corner.  (*Id.* at 4.)  The page does not have line numbers, does not reference the earlier pages of the pleading, and does not indicate that plaintiff is raising any specific claims.  Following the page numbered "1" are pages numbered "2" and "3."  These pages also do not have line numbers and do not appear to raise any specific claims.  (*Id.* at 5-6.)  No separate demand for the relief that plaintiff is seeking is set forth in the pleading.  The bottom of the last page of plaintiff's filing has a date of January 26, 2023, and a partial signature that appears to be from plaintiff.  (*Id.* at 6.)

In the pages attached to plaintiff's pleading that are numbered 1 through 3, plaintiff sets forth a narrative about his mental health issues, medication, and arrest history that begins in 2016.  (*Id.* at 4-6.)  Included within the account are references to plaintiff's release from custody in 2016, at which time "the County" provided plaintiff with a "30 day [sic] supply of psychiatric medications post release."  (*Id.* at 4.)  Plaintiff also writes about his sentence to serve time in state prison in 2017, which was followed by his release in 2020.  At his release, the state prison "provided plaintiff with a 30-day supply of the necessary psychiatric medication."  (*Id.* at 5.) Then, plaintiff was arrested for a parole violation in "late February 2022," following which he was incarcerated at the Detention Center.  (*Id.*)  Plaintiff indicates that he was a "California state prisoner" at the time of the February 2022 arrest because he was arrested for a parole violation.  (*Id.*)

Regarding the only named defendant in this action, plaintiff alleges that he was "interviewed by Dr. Lyle Forehand, a psychiatrist employed by the Riverside County Sheriff's Dept." on an unspecified date.  (*Id.* at 5.)  Further, plaintiff alleges that Dr. Forehand "had possession of [plaintiff's] 2016 County medical records and made

the prescription [sic] as in 2016." (*Id.*)  Plaintiff also states without any factual support that "Dr. Forehand was fully aware of plaintiff's severe PTSD also [sic] fully aware that the abrubt [sic] cessation of psychiatric medications would cause plaintiff's condition" to worsen.  (*Id.*)  Within the narrative, plaintiff alleges that Dr. Forehand acted with "deliberate indifference to plaintiff's serious and documented medical condition, [and] failed to prescribe a 30 day [sic] post release prescription for the medication Dr. Forehand knew plaintiff required to address [his] documented serious medical condition."  (*Id.*; *see also* at 6 ("Dr. Forehand failed, due to his deliberate indifference prescribe [sic] the 30-day post release medications.").)  Plaintiff also alleges that it was "Dr. Forehand's duty, as plaintiff's treating psychiatrist to provide a prescription for [a] 30 day [sic] supply." (*Id.* at 6.)

Plaintiff additionally alleges that he "was released from County custody on his parole violation" on March 11, 2022. (*Id.* at 5.) "Plaintiff was not provided with a 30-day supply of psychiatric medication upon his release." (*Id.*) Plaintiff alleges that this failure by unspecified County officials to provide plaintiff with medication at the time of his release was "in violation of state law." (*Id.* at 5-6.) Plaintiff also alleges that he suffered a "psychotic breakdown" at some point in time because of the failure by unspecified County officials to provide a 30-day supply of medication on March 11, 2022, and he was again arrested on April 4, 2022. (*Id.* at 6.)  Further, plaintiff alleges that he has suffered and "continues to suffer great and irreparable injury including loss of freedom and financial loss." (*Id.*)  Plaintiff's narrative includes a sentence in which plaintiff states that he "seeks a judgment from this Court declaring that Dr. Forehand's failure to prescribe the necessary psychiatric medication … constituted deliberate indifference and awarding plaintiff monetary damages." (*Id.*)

Pursuant to the PLRA, the Court now has screened the SAC (including the attachment) prior to ordering service to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary

relief against a defendant who is immune from such relief.  The Court's screening of the pleading is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory.  *See, e.g., Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017); *see also Rosati*, 791 F.3d at 1039 (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)).  In determining whether the pleading states a claim on which relief may be granted, its allegations of fact must be taken as true and construed in the light most favorable to plaintiff.  *See, e.g., Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018).  However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rather, a court first "discount[s] conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible."  *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).  Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and citations omitted).

Because plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original).  Nevertheless, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) *a short and plain statement of the claim* showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added).  Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct.  No technical form is required."  Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them).  If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8.  *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  A

7

claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be "wholly without merit." *See McHenry*, 84 F.3d at 1179.

Following careful review of the SAC, the Court finds that plaintiff's pleading once again does not comply with Rule 8 because it fails to include a short and plain statement of any claim that is sufficient to give the sole defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Further, the factual allegations appear insufficient to state any federal civil rights claim on which relief may be granted against the named defendant. Accordingly, the SAC is dismissed with leave to amend to correct the deficiencies as discussed in this Order, the Court's Third Order. *See, e.g., Rosati*, 791 F.3d at 1039.

**If plaintiff desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than May 15, 2023, remedying the deficiencies discussed herein.** Plaintiff is admonished that, if he fails to timely file a Third Amended Complaint or fails to remedy the deficiencies of his pleading, the Court will recommend that this action be dismissed without further leave to amend.[1]

**A.    RULE 8**

Plaintiff's pleading violates Rule 8 in that it fails to allege a minimum factual and legal basis for any claim that is sufficient to give Dr. Forehand fair notice of what

---

[1]  Plaintiff is advised that this Court's determination herein that the allegations in the Second Amended Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Third Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

claims are raised against him and which factual allegations in the pleading give rise to any federal civil rights claim.

Initially, plaintiff is admonished that, irrespective of his *pro se* status, he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California ("L.R."). *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 1-3; L.R. 83-2.2.3 ("Any person appearing *pro se* is required to comply with these Local Rules and with" the Federal Rules.). Plaintiff should file an amended pleading that contains only one title page. Further, plaintiff's SAC violates, *inter alia*, L.R. 11-3.2, 11-3.3, and L.R. 11-5.2, which require that all pages of a pleading be numbered consecutively and contain no more than 28 lines of text per page. Additionally, if plaintiff wishes to proceed with this action, then he must clearly and legibly sign his pleading. (*See* L.R. 11-1.)

Further, the SAC violates Rule 8 because it fails to include a "short and plain statement" of any claim, is not "simple, concise, and direct," and fails to include a clear and separate "demand for the relief sought." To the contrary, plaintiff's pleading does not state that it is raising any claim against the sole named defendant. Plaintiff's SAC references "deliberate indifference" (ECF No. 15 at 5-6), a "serious and documented medical condition" (*id.* at 5), Dr. Forehand's failure "to prescribe a 30 day [sic] post release prescription" (*id.*), an unspecified "violation of state law" (*id.* at 6), and "Dr. Forehand's failure to prescribe the necessary psychiatric medication" (*id.*). Construing plaintiff's allegations liberally, it appears that plaintiff may be purporting to raise a claim under the Eighth Amendment against Dr. Forehand for failing to provide constitutionally adequate medical care. Plaintiff, however, fails to set forth specific factual allegations regarding what medical treatment was provided to plaintiff by Dr. Forehand during plaintiff's brief detention at the Detention Center in February and March 2022. Plaintiff's SAC does not include any facts concerning the dates on which plaintiff was provided with medical

treatment by Dr. Forehand or any allegation that plaintiff ever made a request for medical care that Dr. Forehand failed to provide.

In order to state a federal civil rights claim against a particular defendant, a pleading must set forth specific facts alleging that such defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the United States Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)) (emphasis and alteration in original). Here, plaintiff's only specific factual allegations against Dr. Forehand are that plaintiff "was interviewed by Dr. Lyle Forehand" at an unspecified time after plaintiff's arrest in "late February 2022," and Dr. Forehand "had possession of [plaintiff's] county medical records." (ECF No. 15 at 5.) Plaintiff also appears to allege that Dr. Forehand prescribed plaintiff medication at the time that he "interviewed" plaintiff. (*Id.*) Plaintiff does not allege that he had any further interactions with Dr. Forehand prior to plaintiff's release from the Detention Center on March 11, 2022 (or at any other time). (*Id.*)

Further, in the body of the pleading, plaintiff lists only one incident date, March 11, 2022. (*Id.* at 3.) Plaintiff alleges that he was released from custody on that date. (*Id.* at 5.) Plaintiff, however, does not allege that Dr. Forehand took any action or failed to take any action on the day of plaintiff's release. Plaintiff additionally does not allege that Dr. Forehand was present when plaintiff was released, that Dr. Forehand was aware that plaintiff was going to be released, or that Dr. Forehand was legally required to take any specific action each time a state prisoner who was detained on a parole violation was released from the Detention Center. Although plaintiff alleges that Dr. Forehand "failed" to "prescribe the 30-

day post release medications" (*id.* at 6) and that Dr. Forehand failed "to provide for a continued post release prescription (*id.*), plaintiff fails to allege any facts showing that Dr. Forehand failed to take a specific action that he was legally required to take in connection with plaintiff's release from the Detention Center. The Court discounts plaintiff's "conclusory statements" that are unsupported by specific factual allegations while "determining whether a claim is plausible." *Salameh*, 726 F.3d at 1129. Similarly, the Court does not accept as true plaintiff's unadorned, the-defendant-unlawfully-harmed-me accusation[s]" against Dr. Forehand. *Keates*, 883 F.3d at 1243.

As in plaintiff's FAC, the SAC does not set forth specific factual allegations against Dr. Forehand sufficient to raise a plausible inference that the actions taken, or the failure to take an action, by Dr. Forehand *caused* plaintiff to be released from custody without necessary medication. In addition, the SAC does not include simple and concise factual allegations showing that Dr. Forehand failed to provide constitutionally adequate medical care to plaintiff at any specific time.

Further, the SAC names Dr. Forehand as the sole defendant. In his pleading, plaintiff alleges that this defendant was a "staff psychiatrist" employed by the Riverside County's Sheriff's Department. (ECF No. 15 at 3, 5.) To the extent that plaintiff is intending to hold Dr. Forehand liable as a supervisor for the Detention Center, supervisory personnel are not liable under § 1983 on a theory of *respondeat superior*. *See, e.g., Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*"); *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011). Plaintiff's SAC does not allege any facts showing that Dr. Forehand set "in motion a series of acts by others," or "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr*, 652 F.3d at 1207-08.

In addition, plaintiff alleges a violation by an unspecified official of an unspecified state law that "requires that state prisoners be provided with a 30-day supply of all medications upon his release." (ECF No. 15 at 6.) To the extent that plaintiff is purporting to raise a federal civil rights claim against any official at the Detention Center for violating state law, allegations that a defendant failed to comply with state law cannot give rise to a federal civil rights claim. *See, e.g., Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [a plaintiff] to demonstrate a violation of federal law, not state law."); *see also Cousins v. Lockyer*, 568 F.3d 1063, 1070-71 (9th Cir. 2009).

Following careful review of the SAC, it is unclear to the Court what or how many federal civil rights claims plaintiff intends to allege in this action. As currently pled, the factual allegations in plaintiff's SAC fail to plausibly allege that the only named defendant took an affirmative act, participated in another's affirmative act, or failed to take an action that he was legally required to do that *caused* plaintiff to suffer a specific constitutional deprivation on the day that plaintiff was released from the Detention Center in March 2022. To state a claim against an individual defendant, plaintiff must allege sufficient factual allegations against that defendant to nudge each claim plaintiff wishes to raise "across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570; *see also McHenry*, 84 F.3d at 1177 (Rule 8 requires at a minimum that a pleading allow each defendant to discern what he or she is being sued for).

Accordingly, the Court concludes that plaintiff again has failed to meet his pleading burden of alleging that a *named defendant* deprived him of a right guaranteed under the United States Constitution or a federal statute. The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

In addition, the Supreme Court has held that, while a plaintiff need not plead the exact legal basis for a claim, plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform each defendant of the factual grounds for each claim. *Johnson*, 574 U.S. at 12. In the SAC, plaintiff fails to do so. As currently pled, it is not clear what action at what time by Dr. Forehand is alleged to have caused plaintiff to suffer an identifiable constitutional deprivation. Plaintiff's SAC fails to set forth any factual allegations supporting a plausible federal civil rights claim against the sole named defendant. *See, e.g., Iqbal*, 556 U.S. at 678-79. Therefore, plaintiff's pleading violates Rule 8 because it fails to set forth a minimal factual and legal basis for any claim sufficient to give the only named defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.

If plaintiff wishes to state a federal civil rights claim against a particular official at the Detention Center, then plaintiff should set forth in a Third Amended Complaint a separate, short, and plain statement of the actions that *each* such defendant is alleged to have taken, or failed to have taken, at a particular time that caused a specific violation of a right guaranteed under the federal Constitution. *See, e.g., Johnson*, 574 U.S. at 12.

**B.    EIGHTH AMENDMENT CLAIM(S)**

To the extent that plaintiff's SAC is purporting to raise a claim under the Eighth Amendment for cruel and unusual punishment arising from the failure of Dr. Forehand to provide plaintiff with necessary post-release medication, as set forth above, the SAC fails to set forth a minimal factual basis for any such claim. Plaintiff alleges no facts to raise a plausible inference that Dr. Forehand acted as a "treating psychiatrist" for plaintiff at any time during plaintiff's few weeks at the Detention Center in February and March 2022. To the contrary, the only specific fact alleging any contact between plaintiff and Dr. Forehand is that Dr. Forehand "interviewed" plaintiff at an unspecified time following plaintiff's arrest in "late February 2022." (ECF No. 15 at 5.) Further, it appears that plaintiff alleges that Dr. Forehand

prescribed medication to treat plaintiff's mental health conditions in connection with that interview. (*Id.*) Because plaintiff alleges that he was released on March 11, 2022 (*id.*), plaintiff appears to have been held at the Detention Center for no more than one month. Plaintiff's SAC does not allege that plaintiff had any other encounter with Dr. Forehand, or that plaintiff sought any treatment from Dr. Forehand, during this brief period of detention.

To the extent that plaintiff wishes to allege a claim or claims against Dr. Forehand for constitutionally inadequate medical care under the Eighth Amendment, a prisoner must show that a specific defendant was deliberately indifferent to his serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "This includes both an objective standard -- that the deprivation was serious enough to constitute cruel and unusual punishment -- and a subjective standard -- deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

To meet the objective element of a deliberate indifference claim, a prisoner "must demonstrate the existence of a serious medical need." *Colwell*, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (internal quotation marks omitted). In his SAC, plaintiff alleges that he has been diagnosed as suffering from "severe PTSD and schizophrenia," and he has been prescribed several types of medication for these conditions. (ECF No. 15 at 4.) Accordingly, plaintiff's SAC alleges sufficient facts to allow the Court to draw an inference that plaintiff was suffering from a serious medical need during the relevant time he was held at the Detention Center in 2022.

To meet the subjective element of a deliberate indifference claim, "a prisoner must demonstrate that the prison official acted with deliberate indifference." *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotation marks omitted). Deliberate indifference may be manifest by the intentional denial, delay,

14

or interference with a prisoner's medical care.  *See Estelle*, 429 U.S. at 104-05.  The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *see also Colwell*, 763 F.3d at 1066 (a "prison official is deliberately indifferent . . . only if the official knows of and disregards an excessive risk to inmate health and safety" (internal quotation marks omitted)).  Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation.  *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle*, 429 U.S. at 106.

Here, construing the pleading liberally it appears that plaintiff is alleging a claim or claims against Dr. Forehand pursuant to the Cruel and Unusual Punishment Clause of the Eighth Amendment for constitutionally inadequate medical care.  As discussed above, however, the SAC, fails to set forth any factual allegations showing that Dr. Forehand was aware that plaintiff was going to be released without adequate medication, or that Dr. Forehand provided any medical care to plaintiff in connection with his release from the Detention Center.  In plaintiff's third pleading filed in this action, plaintiff once again fails to allege any facts showing that Dr. Forehand was responsible for providing plaintiff with additional prescription medication, that Dr. Forehand had personal knowledge that plaintiff was going to be released from the Detention Center, that Dr. Forehand was aware that the prescription(s) that he had provided to plaintiff at an unspecified earlier time following plaintiff's arrest was insufficient, or that Dr. Forehand was asked by plaintiff or any official at the Detention Center to provide additional medication to plaintiff on (or prior to) March

11, 2022.

Further, plaintiff alleges that Dr. Forehand was his "treating psychiatrist," but plaintiff does not set forth any facts supporting that he ever received any mental health treatment from Dr. Forehand during his brief period at the Detention Center from late February to early March 2022.  (ECF No. 15 at 6.)  Rather, plaintiff alleges that Dr. Forehand conducted one "interview" with plaintiff after plaintiff was arrested and "made the prescription as in 2016," apparently referencing the medication that plaintiff had been prescribed by unspecified "psychiatrists" during an unspecified period in the custody of the Riverside Sheriff's Department six years earlier, in 2016.  (*Id.* at 4-5.)  Plaintiff alleges that he was released from the custody of Riverside County "in 2016," and that "a 30 day [sic] supply of psychiatric medications" was provided to him by unspecified officials in connection with that earlier release.  (*Id.* at 4.)  No facts are alleged to link Dr. Forehand to plaintiff's detention in 2016, plaintiff's mental health treatment in 2016, or the medication that was provided to plaintiff at the time of his release from custody in 2016.  Nor does plaintiff allege that he sought or was provided treatment from Dr. Forehand in the period between plaintiff's arrest in late February 2022 and his release on March 11, 2022.  Accordingly, to the extent that plaintiff may be intending to allege a claim against Dr. Forehand for the provision of constitutionally inadequate medical treatment during plaintiff's brief time at the Detention Center prior to his release on March 11, 2022, no facts are alleged in the SAC to raise more than a sheer possibility that Dr. Forehand acted unlawfully in providing medical treatment to plaintiff during this period.  *See, e.g., Iqbal*, 556 U.S. at 678 (a plaintiff must plead "more than a sheer possibility that a defendant has acted unlawfully").

Finally, plaintiff's minimal factual allegations pertaining to Dr. Forehand are insufficient to raise a plausible inference that the only defendant named in this action was aware of sufficient facts from which an inference could be drawn that plaintiff's release from the Detention Center on March 11, 2022, exposed plaintiff to a

substantial risk of serious harm arising from insufficient medication; that Dr. Forehand drew such an inference; or that Dr. Forehand, knowing that plaintiff faced a substantial risk of serious harm following his release, deliberately disregarded plaintiff's need for additional prescription medication. A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient to state a claim against any defendant or to comply with Rule 8. *Iqbal*, 556 U.S. at 678 (alteration in original, internal quotation marks omitted). Accordingly, following three attempts, plaintiff's SAC fails to nudge any claim under the Eighth Amendment "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

## C.   CLAIM(S) PURSUANT TO *MONELL*

Plaintiff names Dr. Forehand, who is alleged to be employed by the County of Riverside Sheriff's Department, in his official as well as individual capacity. (*See* ECF No. 15 at 3.) As the Court has previously admonished plaintiff, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id.* at 166 (emphasis omitted). Accordingly, any claim that plaintiff is purporting to raise against Dr. Forehand as an employee of the County of Riverside in his official capacity is the same as raising a claim against the County of Riverside.

The Supreme Court held in *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694; *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("under § 1983, local governments are responsible only for their *own* illegal acts" (emphasis in original, internal quotation marks omitted)). To state a claim arising from the execution of a

local entity's policy or custom, a plaintiff must set forth factual allegations to show that the execution of a specific policy, regulation, custom or the like was the "actionable cause" of any alleged constitutional violation. *See, e.g., Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but-for and proximate causation"). Additionally, a *Monell* claim may not be premised on an isolated or sporadic incident. *See, e.g., Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014) (a plaintiff does not establish liability under *Monell* without showing that "a single incident of unconstitutional actively" was more than an "isolated or sporadic" incident); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

Here, to the extent that plaintiff is purporting to raise any claims against the County of Riverside, plaintiff's factual allegations appear to arise from one incident in March 2022 when he alleges that he was released from detention at the Detention Center without a 30-day supply of necessary medication. (ECF No. 15 at 5-6.) It is unclear whether plaintiff is attempting to allege that this isolated incident was caused by the execution of a specific policy, regulation, or custom of the County of Riverside. However, the SAC alleges that the County of Riverside released plaintiff from custody on an unspecified date in 2016 with "a 30 day [sic] supply of psychiatric medications." (*Id.* at 4.) Accordingly, plaintiff does not appear to be alleging that the County of Riverside had a policy of releasing inmates from detention without an advance supply of medication. One isolated incident of the release of a prisoner (by unspecified employees who are not named as defendants in this action) without a 30-day supply of medication is entirely insufficient to raise a reasonable inference that specific unconstitutional actions by employees of the County of Riverside were of

sufficiently long duration or occurred frequently enough to be considered a "traditional method of carrying out policy" by the County of Riverside. *See, e.g., Gant*, 772 F.3d at 618 (liability under *Monell* requires more than "a single incident of unconstitutional actively"); *Trevino*, 99 F.3d at 918.

Accordingly, it appears that the plaintiff is alleging the type of random or isolated incident that simply cannot give rise to liability against the County of Riverside pursuant to *Monell*. Therefore, plaintiff's factual allegations in the SAC remain entirely insufficient to raise a plausible inference that the County of Riverside is liable for any alleged constitutional violation. *See, e.g., Iqbal*, 556 U.S. at 678.

************

**If plaintiff still desires to pursue this action, then he is ORDERED to file a Third Amended Complaint no later than May 15,2023 remedying the pleading deficiencies discussed above.** The Third Amended Complaint should bear the docket number assigned in this case; have only one title page with one caption, be labeled "Third Amended Complaint"; and be complete in and of itself without reference to the original Complaint, the First Amended Complaint, the Second Amended Complaint, or any other pleading or document.

Plaintiff is admonished that, irrespective of his *pro se* status, if plaintiff wishes to proceed with this action, then he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g.,* L.R. 1-3; L.R. 83-2.2.3.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must clearly sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Third Amended Complaint. Further, if plaintiff feels that any document is integral to any of his claims, then he should attach such document as an exhibit at the end of the Third Amended Complaint and clearly allege the relevance of each attached

document to the applicable claim raised in the Third Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, then he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a Third Amended Complaint, or if he fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED:  4/14/2023

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment: Civil Rights Complaint CV-066
                      Notice of Dismissal CV-09